IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS MARSHALL DIVISION

| | | |
|---|---|---|
| RPOST HOLDINGS, INC. and RPOST COMMUNICATIONS LIMITED, | § § § § | |
| *Plaintiffs,* | § § | CASE NO.: 2:13-CV-1065 |
| v. | § § | |
| TREND MICRO INCORPORATED, | § § § | |
| *Defendant.* | § | |

**ORDER GRANTING-IN-PART DEFENDANT'S
MOTION TO DISMISS OR TO TANSFER VENUE**

    **I.   Introduction and Background**

Plaintiffs RPost Holdings, Inc. and RPost Communications Limited (collectively, "RPost") filed this action against Defendant Trend Micro Incorporated ("Trend Micro") on December 9, 2013, alleging infringement of six patents—U.S. Patent Nos. 8,504,628 ("the '628 patent"), 8,484,706 ("the '706 patent"), 8,468,199 ("the '199 patent") 8,224,913 ("the '913 patent"), 8,209,389 ("the '389 patent"), and 7,660,989 ("the '989 patent"). *See* RPost's Complaint (Dkt. No. 1). Additionally, it is undisputed that Trend Micro filed a declaratory judgment action against RPost in the Northern District of California (NDCA) on November 11, 2013, *Trend Micro Incorporated v. RPost Holdings, Inc., et al.*, No. 13-cv-5227. In the NDCA

action, Trend Micro seeks a declaration of non-infringement and invalidity with respect to four of the six patents asserted in this action.[1]

Now before the Court is Trend Micro's Motion to Dismiss or Transfer (Dkt. No. 10). For the reasons stated herin, Trend Micro's motion is **GRANTED-IN-PART**, as set forth below.

## II.    Analysis

When confronted with substantially similar declaratory judgment and patent infringement actions filed in different jurisdictions, courts generally favor "the forum of the first-filed action, whether or not it is a declaratory action." *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 2008). Courts typically enforce this first-to-file rule "absent sound reason for a change of forum." *Id.*; *see also Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).

"In determining whether to apply the first-to-file rule to an action, a court must resolve two questions: 1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions; and 2) which of the two courts should take the case?" *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). However, once the "substantial similarity" threshold is crossed, the first-to-file rule gives the *first-filed* court the responsibility to determine which case should proceed. *Id.* at 999.

RPost does not contest the fact that: (1) this action and the NDCA action are substantially similar; and (2) the NDCA action is the first-filed. Accordingly, the NDCA is charged with determining which action should go forward. *Id.* It has obviously done so by previously denying RPost's motion to transfer the NDCA declaratory judgment action to this Court. *Trend*

---

[1] The '389, '913, '199, and '628 patents.

*Micro Inc. v. RPost Holdings, Inc.*, 2014 U.S. Dist. LEXIS 47946 (N.D. Cal. Apr. 7, 2014). In doing so, the NDCA has rejected the same arguments RPost advances in opposition to Trend Micro's motion. *Id.* at *26-36.

Considering the action taken by our sister court in the NDCA, "this Court simply may not, consistent with the principles of comity and conservation of judicial resources, usurp the first-filed court's role." *Texas Instruments*, 815 F. Supp. at 999; *see also Cadle Co. v. Whataburger of Alice*, 174 F.3d 599, 605-606 (5th Cir. 1999) ("Once the likelihood of a substantial overlap between the two suits has been demonstrated, it [is] was no longer up to the [second filed court] to resolve the question of whether both should be allowed to proceed.") (internal quotations and citation omitted).

The only question remaining for this Court is whether to dismiss the case or transfer it to the NDCA. This action and the NDCA action are not identical, despite their substantial similarity. Such reality persuades this Court that the concurrent resolution of both the declaratory judgment and infringement actions in the first-filed court will best conserve judicial resources and promote efficiency. Accordingly, this Court concludes that transfer is the most appropriate disposition.

### III. Conclusion

For the reasons stated above, Trend Micro's Motion is **GRANTED-IN-PART**. It is **ORDERED** that the above cause of action is hereby **TRANSFERRED** to the United States District Court for the Northern District of California. The Clerk shall file this Order in the above case and shall forthwith take such steps as are needed to effect this transfer.

**So ORDERED and SIGNED this 16th day of May, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE